## In re CHRISTOPHER C. et al.

Supreme Judicial Court of Maine.

Argued Sept. 18, 1985.

Decided Oct. 24, 1985.

Jordan and Goodridge, Donald H. Goodridge (orally), Houlton, for plaintiff.

Swales & Swales, Brian E. Swales (orally), Houlton, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Sandra C., the mother of Christopher and Rebecca, appeals from an order of the Superior Court, Aroostook County, affirming an order of the District Court, Houlton, granting final protective custody of the minor children to the Maine Department of Human Services, pursuant to 22 M.R.S.A. §§ 4035 and 4036 (Supp.1984–1985). On appeal, Sandra C. claims, *inter alia,* that the District Court erred in not appointing counsel for her at the hearing on the request for a preliminary protection order (preliminary hearing), as required by 22 M.R.S.A. § 4005(2) (Supp.1984–1985).[1] Because we hold the District Court erred in not appointing counsel as required, and vacate the order, we need not address the other issues raised on appeal.

I

On the State's petition for child protection filed on May 9, 1984, the District Court

---

1. 22 M.R.S.A. § 4005(2) (Supp.1984–1985) provides in pertinent part:

Parents ... are entitled to legal counsel in child protection proceedings, except a request for a preliminary protection order under section 4034 ..., *but including hearings on those* *orders.* They may request the court to appoint legal counsel for them. The court, if it finds them indigent, shall appoint and pay the reasonable costs and expenses of their legal counsel. (Emphasis added).

without a hearing issued a preliminary order granting temporary custody of Christopher and Rebecca to the State pursuant to 22 M.R.S.A. §§ 4034 and 4036 (Supp.1984–1985). The court also ordered a preliminary hearing on that order to be held on May 14, 1984.

Sandra C. attended the May 14, 1984 preliminary hearing. The record reveals that Sandra was indigent; in a mildly retarded range of intellectual ability; and separated from the children's father, who was contemplating institution of divorce proceedings.[2] She was not represented by counsel at this hearing and there is nothing in the record to indicate that she waived her statutory right to counsel.[3] As a result of this hearing, the District Court confirmed the State's temporary custody of the children. That order remained in force until the court's final order granting custody to the State, after a second hearing pursuant to sections 4035 and 4036. At the final hearing, held on June 14, 1984, Sandra C. was represented by court-appointed counsel.[4] Prior to the commencement of the final hearing, all counsel agreed to the court's consideration of the testimony given at the preliminary hearing in making its final determination of custody.[5] Two witnesses of the State who had testified at the preliminary hearing did not testify at the final hearing.

## II

■ Where, as here, the Superior Court acts solely as an appellate court, we do not review the intermediate decision but undertake a direct review of the original order. *State v. Michael Z.*, 427 A.2d 476, 477 (Me.1981). We examine, therefore, the record developed before the District Court to determine if the failure of that court to appoint counsel for Sandra C. prior to the preliminary hearing can be disregarded as harmless error. M.D.C.Civ.R. 61.[6]

■ The mandate of section 4005(2) is clear. If a parent is indigent, the court shall appoint counsel in child protection proceedings, including hearings on a request for a preliminary protection order. We have recognized that in a child protection proceeding "the full panoply of the traditional weapons of the state are marshalled against the defendant parents" and that there are "markedly different results" between such proceedings when the parent has assistance of counsel and those when the parent is without counsel. *Danforth v. State Department of Health & Welfare*, 303 A.2d 794, 799 (Me.1973).

Here, the record reflects that not only was Sandra C. unrepresented by counsel, but she was not informed of her right to appointed counsel if found indigent. She also was not afforded the opportunity to examine any of the witnesses at the preliminary hearing. The record reflects that at the final hearing the court requested of some of the witnesses that they "reaffirm, under oath, all the statements you made and all the answers you gave to questions on [May 14th] for the purposes of this hearing."

2. The children's father was seeking custody of the children. He appeared and testified at both hearings and was represented by counsel throughout all the proceedings.

3. *See State v. Knights*, 482 A.2d 436, 440 (Me. 1984) (to constitute valid waiver, a defendant's conduct must amount to an "intentional relinquishment or abandonment of a known right or privilege").

4. It is unclear from the record precisely when court-appointed counsel undertook the representation of Sandra C. The docket reflects that the necessary documentation for the appointment was not filed until after the hearing on the final protection petition.

5. Counsel for Sandra C. stated, "I haven't, of course, heard the other evidence, Your Honor, but I don't think there'd be any problem."

6. M.D.C.Civ.R. 61 provides:
No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

A proceeding that finally deprives a parent of the custody of a child does not have the ultimate finality of a proceeding that deprives a parent of all parental rights. *See* 22 M.R.S.A. § 4050 *et seq.* (Supp.1984–1985). Nonetheless, the custody proceeding has serious consequences affecting substantial rights of a parent. We cannot determine, in the instant case, the effect the testimony given at the preliminary hearing had on the court's final order relating to the custody of the minor children. We cannot conclude that it is highly probable the court's final order would have been the same had Sandra C. been represented by counsel at the preliminary hearing. *See State v. True*, 438 A.2d 460, 467 (Me.1981) (presumed error should be treated as harmless if "appellate court believes it highly probable that the error did not affect the judgment"). We hold that the District Court's failure in the instant case to comply with the mandate of section 4005(2) was inconsistent with substantial justice. We cannot assume that this failure did not affect substantial rights of Sandra C. *See* M.D.C.Civ.R. 61. Accordingly, for the determination of temporary custody as well as final custody of Christopher and Rebecca C., new preliminary and final hearings must be held. Because the hearing judge acts as a fact finder in such proceedings, we deem it appropriate that further hearings be held before a different judge.

The entry is:

Order vacated, remanded to the Superior Court to remand to the District Court for vacation of its May 14 and June 14, 1984 orders and for a new preliminary hearing, within 10 days, consistent with the opinion herein.

All concurring.