**Gale E. BROWN**

v.

**Raymond P. CORRIVEAU, Sr.**

Supreme Judicial Court of Maine.

Argued May 30, 1990.

Decided June 21, 1990.

Joseph M. O'Donnell and Polly Reeves (orally), Goodspeed & O'Donnell, Augusta, for plaintiff.

John G. Connor (orally), Friedman & Babcock, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

Plaintiff Gale Brown appeals from an order of the Superior Court (Kennebec County, Wathen, J.) vacating an order of the District Court (Augusta, Studstrup, J.) partially lifting an attachment on trustee process of defendant Raymond Corriveau's share of the proceeds of the sale of the parties' former marital residence. On appeal plaintiff contends that the appellate justice erred in ruling that defendant was entitled to a homestead exception pursuant to 14 M.R.S.A. § 4422(1) (Supp.1989) to the extent of $7,500 of those proceeds. We agree.

The procedural background is complex. The parties were formerly husband and wife. Prior to October 1986 they jointly owned a home in Readfield in which they lived with the wife's daughters, Elisa LaFlamme and Brigid Kasuba, and two younger children. In October 1986 the wife obtained *ex parte* a protection from abuse order removing Corriveau from the home. In August 1987 the daughter Elisa LaFlamme brought a civil action against Corriveau seeking damages for sexual abuse and obtained an *ex parte* attachment on his interest in the Readfield residence. In December 1987 Brown and Corriveau were divorced. In dividing marital property, the divorce judgment ordered the Readfield residence sold and the proceeds split 60% for the wife and 40% for the husband, Corriveau. The LaFlamme attachment was lifted, the home sold, and Corriveau's share of the proceeds placed in an escrow account of which the attorneys involved in the still-pending LaFlamme action acted as trustees. In time that suit settled and the settlement was paid partly by Corriveau's homeowner's insurer and partly from the escrow account, leaving a balance in that account.

In February 1989 plaintiff commenced the present case as mother and next friend of her second daughter, Brigid Kasuba, alleging that defendant Corriveau had also sexually abused Brigid.[1] Plaintiff obtained an *ex parte* order for trustee process on the remaining funds in the escrow account. Defendant moved to have the attachment lifted to the extent of his claimed homestead exemption, stating that he needs the proceeds for his living expenses and thus has no intention to use the proceeds to reinvest in a residence. The District Court denied defendant's motion, but did recognize a statutory exemption to the extent of $400. *See id.* § 4422(15) ("wild card" exemption). Defendant appealed to the Superior Court, which vacated the District Court's order, holding that defendant was entitled to his $7,500 homestead exemption.

Plaintiff now appeals the Superior Court's order.

In the District Court the burden rested on Corriveau to prove that he was entitled to a homestead exemption. *See In re Niland,* 825 F.2d 801, 806 (5th Cir.1987); 31 Am.Jur.2d *Exemptions* § 367, at 833 (1989). On the present appeal from the Superior Court, we review directly the conclusion of the District Court that Corriveau did not have a homestead exemption. *See In re Christopher C.,* 499 A.2d 163, 164 (Me.1985); *Dunning v. Dunning,* 495 A.2d 821, 823 n. 1 (Me.1985).

The version of section 4422(1) in effect on the date defendant's interest in the escrow account was attached read in relevant part as follows:

§ 4422. **Exempt Property**

The following property is exempt from attachment and execution, except to the extent that it has been fraudulently conveyed by the debtor.

1. **Residence.** The debtor's aggregate interest, not to exceed $7,500 in value, in real or personal property that the debtor or a dependent of the debtor uses as a residence. . . .

P.L.1981, ch. 431, § 2; P.L.1985, ch. 187, § 3. By its terms, this provision extends homestead protection to the debtor's residence, real or personal; however, it is silent with respect to proceeds from the sale of such property. For purposes of this decision we will assume that in appropriate circumstances the homestead exemption may extend to the proceeds from the sale of a residence. Although we have not previously considered how or when the homestead exemption applies to such proceeds, the United States Bankruptcy Court in the District of Maine has on two occasions construed section 4422(1) to require that the debtor manifest an intent to use the proceeds to purchase another residence within a reasonable time after the sale. *See In re Tardiff,* 38 B.R. 974, 976 (Bankr.D.Me. 1984); *In re Grindal,* 30 B.R. 651, 653 n. 4 (Bankr.D.Me.1983). We are persuaded by

---

**1.** Defendant was at the time serving a criminal sentence arising out of a conviction based on the abuse of Brigid.

the logic of this interpretation. Accordingly, because in the affidavit accompanying his motion to have the attachment lifted defendant expressly states that he intends to use the proceeds for his living expenses, defendant has specifically disproved his entitlement to a homestead exemption pursuant to 14 M.R.S.A. § 4422(1) as it existed on the date defendant's interest in the escrow account was attached.[2]

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of order affirming the judgment of the District Court.

All concurring.

---

**2.** The current version of section 4422(1) includes the following provision:

    **C.** That portion of the proceeds from any sale of property which is exempt under this section shall be exempt for a period of 6 months from the date of receipt of such proceeds *for purposes of reinvesting in a residence within that period.*

14 M.R.S.A. § 4422(1) (Supp.1989) (emphasis added).