**Paul ODELL et al.**

v.

**John B. DUNN.**

Supreme Judicial Court of Maine.

Argued May 21, 1991.

Decided June 4, 1991.

Elizabeth Burns (orally), Glover & Feldman, Brunswick, Franklin Walker, Jr. (orally), Damariscotta, for plaintiffs.

Peter C. Fessenden (orally), Ranger, Fessenden, Copeland & Smith, P.A., Brunswick, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

McKUSICK, Chief Justice.

Defendant John B. Dunn appeals from the affirmance by the Superior Court (Sagadahoc County, *Delahanty, C.J.*) of an order of turnover and sale issued by the District Court (Bath, *O'Rourke, J.*) in a disclosure proceeding brought by Paul Odell and other judgment creditors to collect judgments against Dunn aggregating over $475,000. The order runs against residential real estate in Bowdoinham (valued at $145,000) that the judgment debtor had previously mortgaged for about $120,000 and currently occupies as his home. At the time of the entry of the order, the property was already subject to prejudgment attachments totaling $1,475,000. The sole issue on appeal is whether the disclosure court may issue a turnover order against property that is already subject to prejudgment attachments exceeding its value. The plain language of the disclosure statute, 14 M.R.S.A. §§ 3120–3136 (Supp.1990), answers that question indisputably in the affirmative.

The controlling language of the disclosure statute reads as follows:

When it is shown at a hearing under this chapter that the judgment debtor owns personal property or real property

which is not wholly exempt from attachment or execution pursuant to [14 M.R.S.A.] sections 4421 to 4426, the court shall determine the value of the property ... and the extent to which the property ... is exempt.

14 M.R.S.A. § 3131. The court may then order that the property be turned over to the creditor and, on other conditions here present, that it be sold by the creditor in satisfaction of the judgment. *See id.* "When the language of the statute is clear and unambiguous, we will give the statute its plain meaning." *Stanley v. Tilcon Maine, Inc.,* 541 A.2d 951, 952 (Me.1988). Contrary to the judgment debtor's contention, nothing suggests that the word "owns" in section 3131 has any meaning other than the commonplace "holds title to." Further, no exemption for prejudgment attachments is listed in the referenced statute, *see* 14 M.R.S.A. §§ 4421–4426 (Supp.1990); the only exemption applicable here is Dunn's $7,500 homestead exemption. *See* 14 M.R.S.A. § 4422(1)(A). Thus, by the plain meaning of the statutory language, a turnover order may be issued against property even though it is subject to prejudgment attachments greater than its value. That conclusion is reinforced by the fact that a contrary construction would frustrate the legislature's declared objective, in enacting the disclosure statute, "to provide an efficient procedure for the enforcement of money judgments." 14 M.R.S.A. § 3120. *See Paradis v. Webber Hosp.,* 409 A.2d 672, 675 (Me.1979).

Upon sale of the Bowdoinham property, the judgment debtor may establish his entitlement to receive $7,500 from the sales proceeds to represent his homestead exemption. *See Brown v. Corriveau,* 576 A.2d 200 (Me.1990). Beyond that, he is not involved in the conclusion of this disclosure proceeding.

The entry is:

Judgment affirmed.

All concurring.