**Marilyn DANIELS**

v.

**Robert M. DANIELS.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 5, 1991.

Decided July 16, 1991.

---

Charles Gilbert, Bangor, for plaintiff.

Sean F. Faircloth, Deanna L. Staples, Asst. Attys. Gen., Dept. of Human Services, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Robert M. Daniels appeals from an order of the Superior Court (Penobscot County, *Pierson, J.*) affirming a judgment of the District Court (Bangor, *Kravchuk, J.*) ordering him to sell real property to pay child support owed to his former wife, Marilyn Daniels. On appeal, Robert contends that the District Court erred in failing to make the proceeds from the sale subject to a homestead exemption pursuant to 14 M.R.

S.A. § 4422 (Supp.1990). Finding no error, we affirm.

On May 23, 1977, Marilyn Daniels was granted a divorce from Robert Daniels by the Probate Court of Plymouth County, Massachusetts. In its decree, the Massachusetts court awarded custody of the Daniels' three children to Marilyn and ordered Robert to pay $85 per week in child support. At the time of the divorce, Robert closed the joint bank accounts, took all the money and several possessions that the court had awarded to Marilyn and then disappeared, ignoring his child support obligations.[1] Ten years later, Marilyn discovered that Robert owned property on Ichabod Lane in Hampden and operated an insurance business in Bangor.

Upon learning of Robert's whereabouts, Marilyn contacted the Maine Department of Human Services (Department) and filed a lien on Robert's Hampden real estate. She then registered the Massachusetts divorce judgment in Maine pursuant to the Uniform Reciprocal Enforcement of Support Act. 19 M.R.S.A. §§ 331–420 (1981 & Supp.1990). In October 1989, the Department, on Marilyn's behalf, filed a civil contempt motion in District Court against Robert for his failure to pay $51,322.83 in accumulated support for his three children. 19 M.R.S.A. §§ 393, 772 (1981); 14 M.R.S.A. § 252 (Supp.1990).

At the hearing on the motion for contempt, Robert took the witness stand but invoked the fifth amendment and responded only to preliminary questions posed by the Department and presented no evidence on his own behalf. The court entered an order finding Robert in contempt and ordering him to sell the Hampden property and deliver $49,836.78 to Marilyn.[2] The court did not subject the proceeds to a homestead exemption in Robert's favor and made no specific findings of fact on that issue. Robert did not request the court to make findings of fact. Following an unsuccessful appeal to the Superior Court

1. The record indicates that Robert paid a total of $2,014.11 toward the support of his three children between 1977 and 1987, a small fraction of what he owed, found by the court to be $49,836.78.

2. Marilyn does not challenge the court's finding on the amount of the arrearage which is approximately $1,468 less than she sought.

pursuant to M.R.Civ.P. 76D, Robert brings this appeal, urging this court to conclude that he is entitled to a homestead exemption.

■ Because the Superior Court acted as an intermediate appellate court, we review the decision of the District Court directly. *Brown v. Corriveau,* 576 A.2d 200, 201 (Me.1990). In the absence of express findings by the District Court on the issue of Robert's entitlement to a homestead exemption, we proceed on the assumption that the court found for Marilyn on all factual issues essential to its decision refusing to subject the proceeds to a homestead exemption. *Woods v. Bath Indus. Sales,* 549 A.2d 1129, 1132 (Me.1988). We review assumed findings of fact, just as we review express ones, for clear error. *Id.*

■ 14 M.R.S.A. § 4422 [3] provides that certain property is exempt from attachment and execution. Section 4422(1)(A) states that when a debtor's property is used as a residence, the first $7500 of the debtor's interest in that property is exempt. Section 4422(1)(C) further provides that these proceeds shall be exempt for a period of six months from the date they were received for the purposes of reinvesting in a residence. We have previously stated that the debtor asserting an exemption bears the burden of establishing that he is entitled to a homestead exemption by demonstrating that (1) the property subject to attachment and execution is in fact his residence, 14 M.R.S.A. § 4422(1)(A), and (2) he intends to use the exempt proceeds to

purchase another residence. *Brown,* 576 A.2d at 201.[4] Once the debtor has established a prima facie right to entitlement, the creditor has the burden of presenting evidence to the contrary. *See* 31 Am. Jur.2d *Exemptions* § 832 (1989).

The only evidence in the record at all relevant to Robert's entitlement to a homestead exemption is Robert's testimony that his address is "Ichabod Lane, Hampden, Maine," the location of the property. From that testimony, it is impossible to tell whether Ichabod Lane is his actual residence or simply one of several places where he receives mail. Even assuming, however, that Robert had presented sufficient evidence to establish that the Hampden property was his residence, the record contains absolutely no evidence manifesting Robert's intent to use the proceeds of a homestead exemption to purchase another residence, the second element necessary to establish entitlement to a homestead exemption. Accordingly, we discern no clear error in the District Court's implicit finding that Robert failed to establish entitlement to a homestead exemption. *Brown,* 576 A.2d at 201.

The entry is:

Judgment affirmed.

All concurring.

---

**3.** 14 M.R.S.A. § 4422 provides in pertinent part:
**Exempt property**
   The following property is exempt from attachment and execution, except to the extent that it has been fraudulently conveyed by the debtor.
   **1. Residence.** The exemption of a debtor's residence is subject to this subsection.
   A. Except as provided in paragraph B, the debtor's aggregate interest, not to exceed $7,500 in value, in real or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns the property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor, provided that if the debtor's interest is held jointly with any other person or persons,

the exemption shall not exceed in value the lesser of $7,500 or the product of the debtor's fractional share times $15,000.
   . . . .
   C. That portion of the proceeds from any sale of property which is exempt under this section shall be exempt for a period of 6 months from the date of receipt of such proceeds for purposes of reinvesting in a residence within that period.

**4.** Robert has asked us to reconsider our decision in *Brown* that the debtor has an affirmative obligation to prove entitlement. We conclude that Robert's arguments in favor of reconsideration are without merit. *Brown* was correctly decided and clearly governs this case.