**Judith EMERSON**

v.

**COUNTY CONCRETE & CONSTRUCTION CO., INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 17, 1992.
Decided Oct. 5, 1992.

Amy Faircloth, Vafiades, Brountas & Kominsky, Bangor, for plaintiff.

Earle S. Tyler, Milbridge, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

The defendant County Concrete & Construction Company, Inc. (Concrete) appeals from an order entered in the Superior Court (Washington County, *Browne, A.R.J.*) granting the motion of plaintiff Judith Emerson to approve a writ of attachment of Concrete's property in the amount of $200,000 pending the disposition of her negligence action against Concrete. We agree with Concrete's contention that the court employed the wrong standard of proof when it considered Emerson's motion for attachment, and we vacate the order.

The court in its order dated March 18, 1992 found on the basis of Emerson's pleadings and affidavits that Emerson is "reasonably likely" to recover a judgment against Concrete in an amount equal to or greater than $200,000 and approved her motion for an attachment. The reasonable likelihood test, however, did not govern the disposition of Emerson's motion. By an order dated February 15, 1992, the Supreme Judicial Court amended Maine Rule of Civil Procedure 4A(c) to provide that an order of approval of attachment "may be entered only ... upon a finding by the court that it is *more likely than not* that the plaintiff will recover judgment ... in an amount equal to or greater than the ... sum of the attachment...." (Emphasis added).

Maine Rule of Civil Procedure 86(c) provides that an amendment to a rule takes effect on the day specified in the order adopting it and governs all proceedings in actions then pending unless its application in a particular pending action would not be feasible or work an injustice. We conclude that it is neither infeasible nor would it work an injustice to apply the standard set forth in the amendment to rule 4A(c) to Emerson's motion seeking the approval of an attachment of Concrete's property.

The entry is:

Order of attachment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.