**Staceylee CARLSON, Plaintiff,**

v.

**Ronald Kermit RICE and Leona Rice, Defendants.**

**Civ. No. 93–61–P–C.**

United States District Court, D. Maine.

March 23, 1993.

Jack H. Simmons, Berman & Simmons, Lewiston, ME, for plaintiff.

No appearance by counsel entered yet for defendants.

MEMORANDUM OF DECISION AND ORDER ON EX PARTE MOTION FOR ATTACHMENT AND TRUSTEE PROCESS

GENE CARTER, Chief Judge.

INTRODUCTION

Plaintiff Staceylee Carlson brings this four-count action against her parents, Defendants Ronald Kermit Rice and Leona Rice, alleging that her father sexually abused her throughout her childhood and that her mother negligently failed to protect her from such abuse. Plaintiff simultaneously filed a Motion for Attachment and Trustee Process in the amount of $250,000 (Docket No. 2), and Memorandum in support thereof (Docket No. 3), pursuant to Local Rule 14 and Maine Rule of Civil Procedure 4A and 4B.

Plaintiff's Motion is accompanied by various affidavits. The affidavit submitted by her attorney, Jack Simmons (Docket No. 4), attests to Plaintiff's diagnosis of post-traumatic stress disorder and the accompanying treatment and its costs, as provided by Plaintiff's therapist (*See* attachment to Docket No. 4). Plaintiff's affidavit (Docket No. 5) describes the alleged sexual abuse, as she has recently remembered it, and her current therapeutic treatment. Finally, Plaintiff states:

My parents own property in Lincoln County, Maine, and have money in local banks.

I believe that if notified of this lawsuit in advance, they will transfer the property or remove the money from the state or will otherwise make it unavailable to satisfy a judgment.

Docket No. 5, ¶ 13.[1]

## ANALYSIS

Maine Rule of Civil Procedure 4A(g) regarding *ex parte* hearings on attachments provides:

> [An order approving attachment of property for a specific amount may be entered ex parte] *if the court finds that it is more likely than not*[2] *that the plaintiff will recover judgment* in an amount equal to or greater than the aggregate sum of the attachment and any insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process known or reasonably believed to be available to satisfy the judgment, *and that either:*
>
> (1) *there is a **clear danger** that the defendant if notified in advance of attachment of the property will remove it* from the state or will conceal it or will otherwise make it unavailable to satisfy a judgment; *or*
>
> (2) *there is immediate danger that the defendant will damage or destroy the property* to be attached.

(Emphasis added).[3] The Law Court has never explicitly stated what constitutes "clear danger" under Rule 4A(g)(i).

### I. *Ex Parte Attachments Have Been Granted in Sexual Abuse Cases*

Maine courts have granted *ex parte* attachments in sexual abuse cases. In *Brown v.*

*Corriveau,* 576 A.2d 200 (Me.1990), the Law Court examined whether a former husband was entitled to assert homestead rights to preclude the attachment of his interest in his former home, sold after his divorce. Defendant was being sued by his former wife, as mother and next friend of her daughter, alleging that Defendant had sexually abused her daughter (his step-daughter). *Id.* at 201. An *ex parte* order for trustee process had been previously granted against the defendant.[4] *Id.* The process by which the court granted the *ex parte* trustee process is not discussed in the opinion. However, for purposes of this motion, there is precedent for granting *ex parte* attachments in sexual abuse cases.

### II. *Plaintiff's Belief That, if Notified, Her Parents Will Make Their Property and Money Unavailable for Judgment Does Not Constitute "Clear Danger" Under M.R.Civ.P. 4A(g); Thus, Plaintiff's Motion for Ex Parte Attachment Must Be Denied*

Pursuant to Maine Rule of Civil Procedure 4A(g), in order for the Court to grant an *ex parte* attachment, the Court must find that *it is more likely than not* that Plaintiff will recover an amount greater than any insurance, bond, or other security known to exist *AND either* that: (a) *there is a clear danger* that the Defendant, if notified in advance of the attachment, will remove or conceal the property *or* (b) there is *immediate danger* that Defendant will damage/destroy the property to be attached. There is only one reported Maine case that explicitly discusses the evidence before the court when it made a decision under the "clear danger" standard of Maine Rule of Civil Procedure 4A(g): *Her-*

---

1. The third affidavit provided is the Attorney Certificate from Jack Simmons (Docket No. 6) certifying that "there is no insurance, bond, or other security, or any other attachment or trustee process of which he knows or has reason to believe will be available to satisfy any judgment against defendants in this action."

2. The rules governing attachment and attachment on trustee process were amended effective February 15, 1992, to change the "reasonable likelihood of success" standard to a "more likely than not" standard. M.R.Civ.P. 4A Advisory Committee's note to 1992 amend., Me.Rptr., 604 A.2d No. 2 CXLII–CXLIV. The Law Court has

not yet applied this new standard in a written opinion.

3. The same standard is used for determination of an *ex parte* hearing on trustee process. *See* M.R.Civ.P. 4B(i). Thus, the analysis which follows is also applicable to Plaintiff's Motion for Trustee Process.

4. In addition, the defendant had previously been sued for sexual abuse by his older step-daughter, at which time an *ex parte* attachment on his interest in the family residence was obtained.

 

*rick v. Theberge,* 474 A.2d 870, 875–876 (Me. 1984).[5]

In *Herrick,* the Law Court reviewed a lower court's denial of a motion for dissolution of an *ex parte* attachment and found no reversible error in the lower court's decision. *Id.* Affirming the denial of the dissolution motion, the court noted the evidence before the trial court regarding the "clear danger" that Defendant would make himself judgment-proof ("the affidavit of plaintiffs' attorney . . . that he assumed that the anonymous advertisement of one piece of defendants' real estate might 'constitute an anticipation of the total breakdown of settlement negotiations and an attempt to liquidate part of their real estate holdings prior to an attachment' "). *Id.* The Law Court wrote that the Superior Court justices were "justified in concluding that defendants, if notified of an impending attachment, might well sell some of their property and make it unavailable to satisfy a judgment." *Id.* at 876.

Unlike *Herrick,* in the case at bar, there is no evidence that Defendants have begun to liquidate their holdings, nor is there any direct or circumstantial evidence that Defendants will likely try to do so. Plaintiff's only evidence to establish that a "clear danger" exists is her asserted *belief* that her parents will make their property unavailable for judgment. *See* Docket No. 5, ¶ 13. As presented, Plaintiff's belief is unexplained and unsubstantiated.

Although Plaintiff's affidavit is properly executed pursuant to Maine Rule of Civil Procedure 4A(i), an *ex parte* attachment may not be granted based solely on Plaintiff's "belief" that Defendants will transfer their property if notified of this lawsuit in advance.[6] Such speculation, without more, cannot rise to the level of establishing a *clear* danger for purposes of Maine Rule of Civil Procedure 4A(g). Thus, Plaintiff's Motion for Attachment and Trustee Process should be denied.

## CONCLUSION

This Court need not decide whether it is more likely than not that Plaintiff will recover because Plaintiff has failed to show that there is a clear danger that Defendants, if notified in advance of the attachment, will make the property unavailable for judgment. Plaintiff's Motion for Attachment and Trustee Process is, therefore, *DENIED.*

---

5. *Herrick* was decided under the "reasonable likelihood of success" standard. 474 A.2d at 874–875.

6. M.R.Civ.P. 4A(i) provides:

Affidavits required by this rule shall set forth specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and, so far as upon information and belief, shall state that the affiant believes this information to be true.