STATE of Maine,

v.

Brian A. NADEAU.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 18, 1994.

Decided Jan. 17, 1995.

---

Michael Cantara, Dist. Atty., Alfred, for the State.

Laurence Gardner, Matthew B. Nichols, Boulos & Gardner, Saco, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

LIPEZ, Justice.

Brian A. Nadeau appeals from a judgment entered in the Superior Court (York County, *Crowley, J.*) on Nadeau's conditional guilty plea, M.R.Crim.P. 11(a)(2), to operation of a motor vehicle under the influence of alcohol, 29 M.R.S.A. § 1312–B (Pamph.1994), after the District Court (Biddeford, *Gaulin, J.*) denied Nadeau's motion to suppress. Finding no error, we affirm.

█ On October 2, 1993, as Officer Garrison travelled north on Main Street in Saco, at approximately 1:40 a.m., he observed Nadeau's vehicle in front of him, weaving back and forth within its lane. Nadeau pulled into a parking spot on Main Street without signalling, and he did not park precisely in the parking space. Garrison continued to travel north on Main Street. As was his habit, he turned around farther up the road and continued back down Main Street. He observed Nadeau's vehicle, stationary in its parking space, as he drove by. Garrison then turned around in Pepperell Square and came back down Main Street. As Garrison drove down the street, he observed Nadeau drive his vehicle out of its parking space and then pull in two or three parking spaces down the road. Garrison saw Nadeau get out on the driver's side, go over to the front right wheel-well and reach underneath it with his hands. Garrison pulled behind Nadeau's vehicle because he thought that Nadeau was

having trouble with it. Garrison activated his emergency lights as a safety precaution because of the darkness. His sole reason for stopping behind Nadeau's vehicle was to offer him assistance.

As a result of his contact with Nadeau after stopping to offer assistance, Garrison issued to him a Uniform Summons and Complaint for O.U.I. Alleging a violation of his Fourth Amendment rights, Nadeau moved to suppress as evidence all statements made by him; all out of court identifications; the results of any field sobriety tests; and any observations made of him by Officer Garrison. The District Court denied the motion. This appeal followed the entry of a conditional guilty plea in the Superior Court.

█ The trial court concluded that Officer Garrison had no suspicions that Nadeau might have been operating under the influence, and that he stopped at Nadeau's vehicle solely to assist him.[1] It is not clear from the decision, however, whether the trial court concluded that no seizure of Nadeau occurred or that a seizure occurred that was justified to offer assistance. Because Nadeau did not request findings of fact, we presume that the court made the factual findings necessary to support its decision on either basis. *State v. Powell*, 591 A.2d 1306 (Me.1991); *State v. Fournier*, 554 A.2d 1184 (Me.1989). *See also* M.R.Crim.P. 41A(d). We review assumed findings of fact, as we do express findings, for clear error and we find none. *Daniels v. Daniels*, 593 A.2d 658, 660 (Me.1991). The court did not err in denying Nadeau's motion to suppress.

The entry is:

Judgment affirmed.

All concurring.

---

1. Nadeau's primary argument on appeal is that it was unreasonable for Officer Garrison to stop to assist him when he did not request such assistance and when the police station was across the street, public phones were available and a business was open nearby. Nadeau does not, however, contend that the stop was pretextual. *See State v. Izzo*, 623 A.2d 1277 (Me.1993); 1 W. LaFave, *Search and Seizure* § 1.4(e) at 93 (2d ed. 1987).