2001 ME 171

**STEELSTONE INDUSTRIES, INC.**

v.

**Rodney E. McCRUM.**

Supreme Judicial Court of Maine.

Submitted on briefs: Nov. 7, 2001.

Decided: Dec. 17, 2001.

---

Richard N. Solman, Esq., Caribou, for plaintiff.

Barbara G. Shaw, Esq., George J. Marcus, Esq., Marcus, Clegg & Mistretta, P.A., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶1] Rodney E. McCrum appeals from the judgment of the Superior Court (Aroostook, *Pierson, J.*) affirming the orders of the District Court (Houlton, *Griffiths, J.*) finding that McCrum's individual retirement account (IRA) is not exempt

from collections of a money judgment because he had not established that it was reasonably necessary for the support of himself and his dependents. McCrum asserts that the District Court erred as a matter of law in allocating to him the burden of proof to establish the exempt status of his IRA funds. Because McCrum failed to make a prima facie showing that the IRA was reasonably necessary for the support of himself and his dependents, we affirm.

## I. CASE HISTORY

[¶2] Steelstone Industries, Inc. purchased a $100,000 corporate bond from Fresh Way, Inc., a Maine corporation d/b/a "Naturally Potatoes." McCrum and Francis Fitzpatrick [1] signed a personal guarantee to Steelstone that they would repurchase the bond at face value, plus interest, if the bond was not repaid within one year. Naturally Potatoes failed to repay Steelstone within the year. After demand of payment, Steelstone obtained a judgment in the Superior Court against McCrum and Fitzpatrick as individuals.[2] The Superior Court issued a writ of execution against them for the judgment amount of $100,000, plus interest and costs of the action for a total of $147,032.62.

[¶3] Steelstone subpoenaed McCrum and Fitzpatrick to appear at the District Court for a disclosure hearing. 14 M.R.S.A. § 3125 (1980 & Supp.2001). At the disclosure hearing, McCrum was questioned by Steelstone regarding his income and assets. McCrum's assets included an annual salary of $67,000, a home valued at $110,000 with a $80,000 mortgage, a farm valued at $55,000, a 50% interest in a number of corporations, an outstanding

1. Francis Fitzpatrick is not a party to this appeal.

2. McCrum and Fitzpatrick were found to be jointly and severally liable to pay the entire debt.

note valued at $15,000, a vehicle valued at $2,000, and an IRA valued at $75,000.

[¶ 4] Upon hearing Steelstone's request for a turnover of the IRA, McCrum sought a continuance of the hearing on the request for a turnover because he was "not really prepared to answer the IRA question." The District Court denied McCrum's request for a continuance and ordered McCrum to pay Steelstone $500 per month in partial satisfaction of the judgment. In addition, the court determined that McCrum's IRA did not qualify as exempt property because it was not reasonably necessary to support McCrum and his dependents. 14 M.R.S.A. § 4422(13)(E) (Supp.2000).[3] The District Court ordered McCrum to turn over the IRA to Steelstone in partial satisfaction of the judgment.

[¶ 5] McCrum filed a motion to amend the judgment, M.R. Civ. P. 59(e), on the grounds that the District Court failed to consider pertinent factors necessary to conclude that the IRA was not exempt. The District Court denied McCrum's motion to amend. McCrum appealed both District Court orders to the Superior Court. Finding no error of law and that the facts were supported by the record, the Superior Court affirmed the District Court's orders. From this action, McCrum filed this appeal.

## II. DISCUSSION

 [¶ 6] "When the Superior Court acts as an intermediate appellate court, we review the decisions of the District Court directly." *Dargie v. Dargie*, 2001 ME 127, ¶ 4, 778 A.2d 353, 355 (citing *Kapler v. Kapler*, 2000 ME 131, ¶ 6, 755 A.2d 502, 506). What party has the burden of proof in a disclosure hearing is a legal question. Legal questions are subject to de novo review. *Bissias v. Koulovatos*, 2000 ME 189, ¶ 6, 761 A.2d 47, 49.

 [¶ 7] McCrum asserts that his IRA is exempt from collection proceedings pursuant to 14 M.R.S.A. § 4422(13)(E) (Supp. 2000). Section 4422 provides a list of exempt property that is applicable to state collection proceedings and federal bankruptcy proceedings. 14 M.R.S.A. § 4422 (Supp.2001). As applicable to this case, section 4422(13)(E) exempted an "individual retirement account ... to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." 14 M.R.S.A. § 4422(13)(E) (Supp. 2000).

 [¶ 8] Relying on *In re Bates*, 176 B.R. 104, 106 (Bankr.D.Me.1994) McCrum contends that Steelstone bears the burden of proving that the IRA funds were not reasonably necessary to support McCrum and his dependents. The *Bates* court noted that bankruptcy law provides that the objecting party has "the burden of 'proving that the exemptions are not properly claimed.'" *Id.* at 106 (quoting Fed. R. Bankr.P. 4003(c) and citing *In re Maylin*, 155 B.R. 605, 614 (Bankr.D.Me.1993)). In *Maylin*, however, the bankruptcy court explained that the debtor bears the initial

---

**3.** Although not applicable to this case, section 4422(13) has been amended by P.L.2001, ch. 306, §§ 1–5 effective September 21, 2001. Section 4422(13)(E), as amended, applies to "[a] payment or account under a stock bonus, pension, profit sharing, annuity, or similar plan or contract." Newly enacted section 4422(13)(F) applies to "[a] payment or account under an individual retirement account or similar plan or contract." *See* P.L.2001, ch. 360, §§ 4, 5 (codified as amended 14 M.R.S.A. § 4422(13)(E), (F) (Supp.2001)). Section 4422(13)(F) states:

A payment or account under an individual retirement account or similar plan or contract on account of illness, disability, death, age or length of service to the sum of $15,000 or to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, whichever is greater.

14 M.R.S.A. § 4422(13)(F) (Supp.2001).

burden of presenting evidence on elements essential to claiming an exemption. *In re Maylin*, 155 B.R. at 614. It is only after the debtor has established a prima facie entitlement to an exemption that the burden shifts to the creditor. *Id.*

[¶ 9] This is in accord with *Daniels v. Daniels*, 593 A.2d 658 (Me.1991), where we stated that the homestead [residence] exemption required "the debtor asserting an exemption [to] bear[ ] the burden of establishing that he is entitled to a homestead [residence] exemption." *Id.* at 660. Prior to being able to claim the exemption, we required the debtor to demonstrate that he met the prerequisites outlined in the statute. Only after the debtor established a prima facie right to entitlement did the creditor have the burden of presenting evidence to the contrary. *Id.*

[¶ 10] Based on *Maylin* and *Daniels*, McCrum had the burden to at least produce evidence indicating that the IRA was exempt because it was necessary for the support of himself and his dependents. McCrum failed to meet this burden. During the disclosure hearing McCrum referenced the IRA in this way:

> As far as the IRA, I said to them I'm not really prepared to answer that IRA question. I would like to speak to my attorney on that. I didn't dream that they would go that deep, and I know under Maine statute law it says that, you know, you have certain things sometimes that can be done with your IRA, but I know the minute I do pledge that it becomes taxable, and that puts all that in jeopardy.

At no point during the disclosure hearing did McCrum make a prima facie showing that the IRA qualified for exemption pursuant to section 4422(13)(E) (Supp.2000), nor did he present evidence regarding what percentage of the IRA was necessary to support himself and his dependents.[4] Accordingly, the District Court did not err in its ruling that McCrum had failed to make a prima facie showing that the IRA was exempt pursuant to section 4422(13)(E) (Supp.2000). Because McCrum failed to make a prima facie showing that the IRA was reasonably necessary for the support of himself and his dependents, we need not reach the issue of who bears the ultimate burden of proving that certain property is exempt from attachment and execution pursuant to section 4422(13)(E) (Supp.2000), once evidence of qualification for the exemption has been presented.

The entry is:

Judgment affirmed.

---

4. McCrum could have made a prima facie showing that the IRA qualified for exemption by presenting evidence addressing some or all of the following factors:
(1) debtor's present and anticipated living expenses;
(2) debtor's present and anticipated income from all sources;
(3) debtor's (and debtor's dependents') age;
(4) debtor's (and debtor's dependents') health;
(5) debtor's ability to work and earn a living;
(6) debtor's training, job skills and education;
(7) other available assets, including exempt assets;
(8) debtor's ability (and opportunity) to save for retirement;
(9) debtor's (and debtor's dependents') special needs;
(10) liquidity of other assets; and
(11) financial obligations that will survive bankruptcy
*In re Bates*, 176 B.R. at 110; *see also In re Sisco*, 147 B.R. 495, 497 (Bankr.W.D.Ark. 1992); *In re Flygstad*, 56 B.R. 884, 889–90 (Bankr.N.D.Iowa 1986).