STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO: AP06-36
                                        RAC- r ˙ ᴍ -1/ P/ˌᵒᵒ⁊ ✓

JOHN & CATHY COSTA

              Plaintiffs
                                        **ORDER ON PLAINTIFF'S**
                                        **DISTRICT COURT APPEAL**

      v.


VERRILL & CHASE BUILDERS                DONALD L. GARBRECHT
                                        LAW LIBRARY
              Defendant
                                        MAY 1 3 2007

Before the Court is Defendant's appeal of a district court judgment against

it per M.R. Civ. P. 76D, and Plaintiffs' motion for contempt. Following hearing,

the appeal is DENIED and the motion for contempt is remanded for

consideration by the district court.

## BACKGROUND

In June 2001, Plaintiffs, John and Cathy Costa (the "Costas"), signed a

home construction contract with Defendant, Scott Verrill of Verrill & Chase

Builders, Inc. ("Verrill"). A contract dispute arose, and the Costas eventually

brought action against Verrill. After Verrill failed to appear, a default judgment

was entered against him in the amount of $71,192.99. In May 2005, the Costas

brought an action in Portland District Court to enforce the judgment and to

pierce the corporate veil of Verrill & Chase Builders, Inc. to reach Verrill's

personal assets. After piercing the veil and holding a disclosure hearing[1], the

district court (Powers, J.) entered judgment against Verrill in the amount of

---

[1] There is no transcript of this hearing or of the later telephone conference between the parties
and Judge Powers.

1

$71,192.99, plus interest and costs. The parties had a June 23 telephone conference with the judge to address enforcement of the judgment. On July 5, 2006, the court issued an order requiring disclosure of Verrill's personal and business records, and requiring him to turn over specified vehicles to the Costas to partially satisfy his obligation. Verrill had objected to the latter requirements because he used some of the vehicles in his business and because he still owed money on the snowmobile.

Verrill filed a timely appeal. He does not challenge the entry of judgment against him, nor does he contest the amount of the judgment. Instead, he argues that the district court erred by requiring him to turn over his snowmobile because it was encumbered, and erred by requiring him to turn over the truck because he uses it in his business. He seeks reversal of the district court's order as to both vehicles, also challenging the order because it did not list a value for the property to be turned over. The Costas argue that neither vehicle is exempt under Maine law and that valuation was not required due to a pending sale by auction. The Costas also move for contempt because Verrill has not complied with the court's order and has sold some of the property that was subject to the order.

## DISCUSSION

1.     Standard of Review.

A party may appeal a judgment of the district court to the Superior Court, and this Court's review of a district court judgment is restricted to legal questions. M.R. Civ. P. 76D. Factual determinations of the district court will be upheld unless they are "clearly erroneous." *Id.*

2

2.  Did the District Court Err By Requiring Verrill to Turn Over the Snowmobile?

Maine law allows for the attachment of a judgment debtor's eligible property unless an exemption applies. 14 M.R.S. § 3131(1) (2005). This provision allows the court to order a judgment debtor to surrender property to a judgment creditor to satisfy part or all of a judgment. *Id*. The only exemptions to such a court order are statutory; all other property is subject to turnover. *Id*. at § 4422. It is the judgment debtor's burden to prove that an exemption applies; once a prima facie exemption has been established, "the burden shifts to the creditor" to challenge it. *Steelstone Indus. v. McCrum*, 2001 ME 171, ¶ 8, 785 A.2d 1256, 1259.

Verrill argues that his snowmobile should not have been subject to the order because it was fully encumbered and therefore of no value. This claimed exemption, however, is not listed in the statute. The law does allow one vehicle of a judgment debtor to avoid attachment, and the district court's order stated that Verrill could designate one of the listed vehicles as exempt per § 4422(2). Because the statute does not recognize an exemption for property that a debtor characterizes as worthless[2], the district court's decision to include the snowmobile was not erroneous.[3]

3.  Did the District Court Err By Requiring Verrill to Turn Over the Truck?

Verrill argues that because he is a contractor, his truck is a "tool of the trade" and is thus exempt from a turnover order per 14 M.R.S. § 4422(5) (2005).

---

[2] In fact, the Law Court has stated that property may be subject to a turnover order even if it is encumbered by prejudgment attachments that exceed its value. *Odell v. Dunn*, 591 A.2d 465, 466 (Me. 1991).
[3] Verrill also argues that the district court did not determine the subject property's value as required by 14 M.R.S. § 3131(1), but the Costas correctly point out that such a determination was not required because this was a turnover order for sale under 14 M.R.S. § 3131(2) (2005).

Maine law defines a "tool of the trade" as "professional books or tools of the trade of the debtor . . . including, but not limited to, power tools, materials and stock . . . [that are] necessary for carrying on the debtor's trade or business and intended to be used or wrought in that trade or business." *Id.*

When construing this statute, the United States Bankruptcy Court for the District of Maine held that driving a vehicle to one's job "is not alone sufficient to support a finding that the vehicle is a tool of the trade." *In re Langley*, 21 B.R. 772, 774 (Bankr. D. Me. 1982). There, the bankruptcy court determined that a gynecologist's truck was not exempt in this category because it was "not equipped with any special feature useful in the debtor's practice." *Id.* at 773. Especially persuasive for that court was the absence of "*any* evidence of its use by the debtor in carrying on his profession." *Id.* at 774.

Here, Verrill claims that his truck should not have been included in an attachment order because he requires it for his contracting business. Although Verrill contends that he uses it for more than transportation to work and refers to his truck as "specially equipped," he has not met his burden to produce evidence of a specialized use for this vehicle in this appeal or at the district court level.[4] The district court was not required to classify his truck as a "tool of the trade" and did not err by including it in the order.

4.    Motion for Contempt.

The Costas seek to consolidate their motion for contempt with this appeal for reasons of judicial economy. They argue that Verrill has blatantly defied the district court's order to turn over the listed property by refusing to turn it over

---

[4] The Costas contend that Verrill did not raise this issue below, and the hearing was not transcribed; therefore, there is no evidence properly before this Court that would support a finding that this truck is a tool of the trade.

and by selling a Mercedes that was specifically listed in the order. Jurisdiction to enforce its order, however, lies with the district court, and the contempt motion will be remanded for that court's consideration. *See Tibbetts v. Tibbetts*, 406 A.2d 78, 81 (Me. 1979) (holding that, despite a pending appeal, the district court retained jurisdiction to enforce a spousal support order).

The entry is:

Defendant's appeal is DENIED. The district court's order is hereby affirmed. Defendant is ordered to comply with the district court's order to turn over property and documents within ten (10) days of the date of this order. This matter shall be remanded to the district court to evaluate Plaintiffs' motion for contempt.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _June 19, 2009_

Roland A. Cole
Justice, Superior Court

5

LEE BALS ESQ
100 MIDDLE STREET EAST TOWER
PORTLAND ME 04101



ALAN WOLF ESQ
PO BOX 1292
PORTLAND ME 04104