2008 ME 78

STATE of Maine

v.

Adam H. FRANK.

Supreme Judicial Court of Maine.

Submitted on Briefs: April 2, 2008.

Decided: May 6, 2008.

Matthew J. Foster, Esq., Foster Law Offices, Ellsworth, ME, for Adam Frank.

Michael E. Povich, District Attorney, William B. Entwisle, Asst. Dist. Atty., Ellsworth, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, LEVY, SILVER, MEAD, and GORMAN, JJ.

MEAD, J.

[¶ 1] Adam H. Frank appeals from a judgment of conviction of assault (Class D), 17–A M.R.S. § 207(1)(A) (2007), entered by the District Court (Ellsworth, *Staples, J.*) following a trial. Frank contends that the statutory defense of physical force in defense of a third person, 17–A M.R.S. § 108(1) (2007),[1] was generated by the evidence and not disproved by the State.[2] Contrary to Frank's assertion, the evidence was sufficient for the court to find that the State had disproved the statutory defense beyond a reasonable doubt.

1. The statute provides that:
A person is justified in using a reasonable degree of nondeadly force upon another person in order to defend the person or a 3rd person from what the person reasonably believes to be the imminent use of unlawful, nondeadly force by such other person, and the person may use a degree of such force that the person reasonably believes to be necessary for such purpose.

2. Once a statutory defense is in issue, the State is required to disprove it beyond a reasonable doubt. 17–A M.R.S. § 101(1) (2007).

■ [¶ 2] In his testimony at trial and again in his closing argument, Frank said that he entered Joshua Clark's mother's home because he reasonably believed that Clark posed a threat to Scott Swett, another person he thought was inside the residence. Frank testified that once inside, he used force only to defend himself from Clark's attack on him. While the trial court did not explicitly analyze Frank's section 108(1) defense, in ruling from the bench immediately after closing arguments, it found that the State's witnesses had testified consistently that they did not hear any threat against Swett, thereby implicitly rejecting the testimony of Frank and his witness that there was such a threat. The court concluded that Frank was a "bare trespasser[ ]," that he had no authority or justification to enter the house, and that he could have simply left the premises without entering Clark's residence. Further, the court found that Frank kicked the door open, forcibly entered, and "did assault Joshua Clark in a very forceful and egregious manner." At a later sentencing hearing, the court repeated its finding that Frank acted without provocation.

■ [¶ 3] Although the District Court made an implicit finding that the State disproved beyond a reasonable doubt Frank's assertion that he acted in defense of Scott Swett, the better practice is for a trial court to make explicit findings on the record when a statutory defense is generated by the evidence. Explicit findings that a statutory defense has been generated and disproved beyond a reasonable doubt, coupled with an articulation of the reasoning supporting those conclusions, serve to aid both the parties and the appellate court should the case be reviewed on

appeal. Here, we are satisfied that the District Court's implicit finding is supported by the evidence.[3] *See, e.g., State v. Rosado,* 669 A.2d 180, 185 (Me.1996) (finding that "[a]lthough it would have been the better practice for the [sentencing] court to spell out explicitly each of the separate steps of the required sentencing analysis," there was no error in the sentence imposed because the court did in fact undertake all necessary steps); *State v. DeLong,* 456 A.2d 877, 883 (Me.1983) ("Although the better practice would be for the court [finding a defendant in contempt] to state explicitly that it saw or heard the refusal [to testify], the fact that the court did see and hear [the] conduct is an objective fact that is thoroughly documented in the transcript.").

The entry is:

Judgment affirmed.

---

3. Frank did not move for additional findings of fact. Accordingly, we presume that the District Court made the factual findings necessary to support its decision. *State v. Nadeau,* 652 A.2d 652, 653 (Me.1995).