MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2020 ME 13
Docket:       Ken-19-355
Submitted
 On Briefs:   January 23, 2020
Decided:      January 30, 2020

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

## ADULT GUARDIANSHIP OF L.

JABAR, J.

[¶1]  L. appeals from an order of the Kennebec County Probate Court (*Mitchell, J.*) determining that L. "failed to prove by clear and convincing evidence that his [adult] guardianship is no longer necessary for his safety and well-being" and denying his petition for termination of that guardianship. L. contends, and the Department of Health and Human Services concedes, that the court applied an incorrect standard of proof in contravention of 18-A M.R.S. § 5-307(d) (2018).[1]

[¶2]  "What party has the burden of proof . . . is a legal question.  Legal questions are subject to de novo review."  *Steelstone Indus., Inc. v. McCrum*, 2001 ME 171, ¶ 6, 785 A.2d 1256.  Thus, the court's application of the law to the facts is reviewed de novo.  *Estate of Greenblatt*, 2014 ME 32, ¶ 12, 86 A.3d

---

[1]  The citations here are to Title 18-A, the Probate Code in effect at the time of the court's order. The Code has been repealed and replaced with a new Probate Code, codified in Title 18-C, which became effective on September 1, 2019.  *See* P.L. 2019, ch. 417; P.L. 2017, ch. 402.

1215. Section 5-307(d) sets forth the burden of proof applicable to this petition for termination of guardianship and provides:

> In an action by the ward, upon presentation by the petitioner of *evidence establishing a prima facie case* that the ward is not incapacitated or the appointment is no longer necessary or desirable as a means of providing continuing care and supervision of the ward, the court shall order the termination unless the *respondent proves by clear and convincing evidence* that the ward is incapacitated and guardianship is necessary or desirable as a means of providing continuing care and supervision of the ward.

18-A M.R.S. § 5-307(d) (emphasis added).

[¶3]  In stating that "[t]he Petitioner failed to prove by clear and convincing evidence that his guardianship is no longer necessary for his safety and well-being[,]" the court failed to apply the proper statutory standard of proof.  We therefore vacate the judgment and remand to the probate court for application of the correct standard of proof.  *See Emerson v. Cty. Concrete & Const. Co.,* 614 A.2d 549, 550 (Me. 1992).

The entry is:

> Judgment vacated.  Remanded for proceedings consistent with this opinion.

Robert Marks, Esq., Washington, for appellant L.

Aaron Frey, Attorney General, and Cody M.P. Hopkins, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Kennebec County Probate Court docket number 2008-0172-1
FOR CLERK REFERENCE ONLY