FREEMAN G. DAVIS *vs.* UNITED STATES BOBBIN & SHUTTLE CO.

Androscoggin.    Opinion October 13, 1919.

*Rights, limitation, and procedure under trustee action.    Question to be determined in charging a trustee.*

1.    The sole ground upon which a trustee in a trustee suit is held chargeable is his liability to the principal defendant by virtue of some contract between them express or implied or deposit of goods and effects.

2.    The single question to be determined in charging a trustee is the amount of the goods, effects or credits belonging to the debtor in the hands of the alleged trustee at the time of service upon the latter.

3.    The trustee cannot be charged because of an alleged independent guaranty claimed to have been given by him to the plaintiff.    Whether such a guaranty was in fact made, and its legal effect if made, can only be decided in an action brought by the plaintiff against the guarantor to which action the principal defendant is not a party.    In such an action the issue would be the liability of the trustee, the guarantor, to the plaintiff.    In this action the issue on the trustee process is the liability of the trustee to the principal defendant.    The two propositions are entirely distinct and cannot be commingled.

Action of scire facias against defendant which company was sued in a former action as trustee of principal defendant, the trustee and principal defendant being defaulted in said action.    From the ruling of the presiding Justice certain exceptions were filed by plaintiff. Exceptions overruled.

Case stated in opinion.

*Pulsifer & Ludden*, for plaintiff.

*Harry Manser*, for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, DEASY, JJ.

CORNISH, C. J. This is an action of scire facias. The present plaintiff, Davis, brought an action of assumpsit against one Bean, a lumber operator, to recover the sum of $1861.77 for supplies, and trusteed the United States Bobbin and Shuttle Company with which corporation Bean had a contract for the sale of his logs. Both Bean and the Shuttle Company were defaulted in the original suit and execution was issued. This suit was then brought. It is admitted that the balance due to Bean from the trustee and in its hands at the time of the service of the original writ was $389.30, which sum has been paid to the plaintiff and indorsed on the execution.

But the plaintiff claims that the Shuttle Company through its superintendent guaranteed to the plaintiff the payment of his bill for all supplies that he might furnish to Bean, and that in this suit the Shuttle Company should be further charged as having in its possession the balance of said bill because of said guaranty. The court at nisi prius held that the trustee was not so chargeable even if it were true in fact that such a guaranty was given, and the case is before the Law Court on exceptions to this ruling.

The exceptions must be overruled. Trustee process, or as it is termed in some States the garnishee process, is unknown to the common law. It is a creature of statute, and the rights as well as the procedure are governed by statute. It is simply a form of attachment. The ordinary attachment fastens itself upon the goods or property owned and possessed by the debtor himself, that is the principal defendant. The trustee process reaches and binds all goods, effects or credits of the principal defendant entrusted to and deposited in the possession of the trustee to respond to the final judgment in the action as when attached by ordinary process. R. S., Chap. 91, Sec. 4. The single question then to be determined in charging a trustee is the amount of the goods, effects or credits belonging to the debtor in the hands of the alleged trustee at the time of service upon the latter. In the case at bar it is admitted that at that time the trustee was indebted to the principal defendant in the sum of $389.30, and that amount has·been paid to the plaintiff. That sum marks the limit of the indebtedness owed by the trustee to the debtor and therefore marks the extent of the attachable credits in his hands. It marks too the limit of any judgment that can be rendered against the trustee in this proceeding.

The plaintiff seeks to go further and reach the trustee's own property because of an alleged independent guaranty given by the trustee to the plaintiff. But that question is entirely beside the issue involved here. That is a controversy between the plaintiff and trustee in which the principal defendant has no concern, and to which he is not a party. Whether such guaranty was made and its legal effect if made, can only be decided in an action brought by the plaintiff, the alleged guarantee, against the Shuttle Company, the alleged guarantor. In such a suit the issue would be the liability of the Shuttle Company to Mr. Davis. Here the issue is the liability of the Shuttle Company to Mr. Bean. The two propositions are entirely distinct and cannot be commingled. As well might the plaintiff claim to charge the trustee in this suit with damages due him from the trustee for alleged breach of warranty in the sale of a horse. .

The sole ground upon which a trustee is chargeable is his liability to the principal defendant by virtue of some contract, between them express or implied, or deposit of goods and effects. His liability to the plaintiff is measured by his liability to the defendant. Beyond that the trustee process does not reach. These principles have been declared and consistently adhered to in numerous decisions. *Denny* v. *Metcalf*, 28 Maine, 389; *Skowhegan Bank* v. *Farrar*, 46 Maine, 293; *Hanson* v. *Butler*, 48 Maine, 81; *Hibbard* v. *Newman*, 101 Maine, 410.

*Exceptions overruled.*