**In re Jerome C. SHERWOOD d/b/a Customer Muffler Specialists of Wausau, Debtor.**

No. WF7–85–01913.

United States Bankruptcy Court, W.D. Wisconsin.

April 21, 1986.

Terrence J. Byrne, Wausau, Wis., for debtor.

Robert F. Kuehn, Thomas F. Mallery, Wausau, Wis., for Citizens Bank and Trust.

## OPINION AND ORDER

WILLIAM H. FRAWLEY,
Bankruptcy Judge.

The debtor appears by Terrence Byrne and submits application to avoid liens of Citizen Bank and Trust (CBT). CBT, by Robert Kuehn and Thomas Mallery, opposes the application. A hearing was held on this matter on March 27, 1986, and the issue has been submitted for determination by briefs. It is the conclusion of the court that the application should be denied.

On December 5, 1983, the debtor applied to CBT and the U.S. Small Business Administration (SBA) for a loan to start a business. The business was to be an automotive shop specializing in muffler, shock, brake, and similar automotive problems. The debtor's application was approved in the amount of $284,400, with $102,400 of which was designated to be used in the

purchase of equipment. The loan was to be from CBT with a 90% guarantee from the SBA. The debtor's loan application specifically listed a number of items of equipment he was to purchase with the proceeds of the loan. Among the items so listed was a stationary drum rotor lathe, a Benwill portable lathe, and a Mita copier. The application listed many other items, but these are the items of dispute involved in this lien avoidance motion. CBT approved the loan applications based on the information and intentions involved in the application.

The debtor initiated action towards the purchase of the three assets involved in this dispute prior to receiving the actual proceeds of the loan. The debtor contends that this action caused CBT's security interest to lose its purchase money character. On February 27, 1984, the debtor issued a check for $8,740 to receive equipment from Custom Muffler Specialists on account. Among the equipment on this account was the Benwill portable lathe. The balance remaining due on this account was $26,-852.55. On March 28, 1984, the debtor issued a check for $2,000 to receive equipment from Van Alstine Sales, Inc., on account. Among the items of equipment listed on this account was a FMC lathe. The balance remaining due on this account was also substantial. On March 27, 1984, the debtor issued a check to purchase a Mita copier. The check reflected the full value of the copier and its accompaniments. The evidence introduced at trial did not indicate on what date the debtor took possession or obtained title to any of these items of equipment. The debtor argues that: the issuance of the checks constituted the actual purchase, the proceeds of the loan were not received until after the checks had been issued, and the loan proceeds were used to satisfy an already existing contract obligation. The debtor maintains that the loan proceeds were received after the contract to purchase was in existence and, therefore, CBT does not have a purchase-money security interest. *In re Woodworks Contemporary Furniture, Inc.*, 44 B.R. 971 (Bankr.W.D.Wis.1984).

The argument of the debtor ignores the existence of the loan agreement. The loan was approved and advanced for the sole purpose of enabling the debtor to purchase specific items to be used in the debtor's business. The items involved in this dispute were specifically listed as items the debtor was to purchase with the proceeds of the loan. CBT properly filed a financing statement prior to advancing any funds. The debtor now alleges that these loans were not used to purchase these items when such a purpose and intent was the express reason the loan was granted. The court will not approve the debtor's application for lien avoidance when the sole basis for the debtor's position is that his actions violated the loan agreement and prevented CBT from obtaining a valid purchase-money security interest.

Finally, the evidence introduced did not convince the court that CBT does not have a valid purchase-money security interest in the three items in dispute. "[T]he debtor must bear the burden of persuasion on all elements necessary to avoid a lien under section 522(f)." *Matter of Weinbrenner*, 53 B.R. 571 (Bankr.W.D.Wis.1985). In the instant case it was the debtor's burden to demonstrate that CBT's security interest was nonpurchase-money. It is the conclusion of the court that the debtor did not succeed in carrying his burden of proof.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

## ORDER

NOW, THEREFORE, IT IS ORDERED THAT, the debtor's application for lien avoidance is hereby denied.