**In re Tony Allen KIDD, Tina Marie Kidd, Debtors.**

**Bankruptcy No. 2–92–01943.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

June 29, 1992.

Nicholas W. Jones, Delaware, Ohio, for debtors.

Norman M. Frank, Columbus, Ohio, for Beneficial Ohio, Inc.

Frank M. Pees, Chapter 13 Trustee, Worthington, Ohio.

## ORDER ON OBJECTION TO CONFIRMATION

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court upon the Objection to Confirmation by Beneficial Ohio, Inc. ("Beneficial") alleging that the plan of reorganization filed by Tony and Tina Kidd ("Debtors") fails to provide payment of the current market rate of interest for secured claims.

The Court is vested with jurisdiction pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

## I.  *Findings of Fact*

The Debtors filed their petition for chapter 13 relief on March 12, 1992. The meeting of creditors was held on April 22, 1992. The confirmation hearing was held May 21, 1992.

The Objection of Beneficial was filed with the Court on May 13, 1992. The certificate of service attached to the Objection indicates that the Objection had been served upon the Chapter 13 trustee, the Debtors, and Debtors' counsel on May 11, 1992.

The Debtors noted at the confirmation hearing that the Objection of Beneficial was filed after the deadline for such objections. Beneficial admitted that the Objection was filed out of time but stated, in its defense, that the late filing did not prejudice the Debtors.

## II.  *Conclusions of Law*

■    Bankruptcy Rule 3020(b)(1) provides that objections to confirmation of a plan are to be filed within a time fixed by the court. This Rule is put into effect by Local Bankruptcy Rule 3.18.5 which provides:

> Objections to confirmation of a plan must be in writing and must specifically set forth the statutory grounds upon which the objections are based. Unless the notice authorizes a different date, such objections must be filed with the court and served upon the trustee, the debtor and the debtor's attorney at least three (3) days prior to the meeting of creditors or ten (10) days prior to confirmation, whichever is later. Unless the court orders otherwise, objections to confirmation will be heard at the time of the hearing on confirmation.

Pursuant to the provisions of L.B.R. C–3.18.5, the last day upon which a creditor could properly file an objection to confirmation of the Debtor's plan was May 11, 1992 (ten days prior to the May 22, 1992 confirmation hearing).

Courts, when faced with a late filed pleading, have routinely applied an "excusable neglect" standard in determining

whether the pleading should be considered. B.R. 9006(b)(1); See also *Matter of Lewis*, 93 B.R. 462 (Bankr.S.D.Miss.1987); *In re Digby*, 29 B.R. 658 (Bankr.N.D.Ohio 1983). Although "excusable neglect" is not statutorily defined, courts have enumerated several factors to aid in the determination of whether or not "excusable neglect" exists:

Permeating each court's finding as to whether the creditor's late filing was due to excusable neglect is the need to strike a balance between the two parties' competing interests: (1) the debtor's entitlement to the full benefits of his discharge and (2) the creditor's interest in avoiding the same where possible fraud exists. (Citations Omitted).

In striking that balance, the courts look for one essential element: whether the party requesting the extension has demonstrated that there is a reasonable basis for its alleged "excusable neglect." (Citations omitted). The courts have delineated a panoply of factors to be considered in making that determination: (1) whether the creditor received adequate notice, (2) whether granting the delay will prejudice the debtor, (3) the source and length of the delay, as well as its impact on efficient court administration, (4) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (5) whether the creditor is a sophisticated creditor, (6) whether the creditor acted in good faith, and (7) whether the client should be penalized for counsel's mistake or neglect. (Citations Omitted).

In other words, Citibanks' counsel must demonstrate that is failure to file by the June 7th deadline was due to something more than ordinary negligence; it must be something that could not have been prevented by diligence.

*In re Figueroa*, 33 B.R. 298, 301–02 (Bankr.S.D.N.Y.1983). The Court will analyze these factors in evaluating the late filing of Beneficial.

First, Beneficial does not assert that it did not receive adequate notice. The Court further notes that Beneficial is listed in the original creditors' matrix filed by the Debtors.

Second, Beneficial's certificate of service dated May 11, 1992 as attached to the Objection indicates service to the Debtors of the Objection. It would therefore appear that the Debtors received notice of the Objection as contemplated by L.R.R. C–3.18.5. However, the certificate states that service was made by regular mail. Therefore, the Debtors most likely did not receive the Objection until some time after May 11, 1992. A review of the Court file on the objection deadline would have given the mistaken impression that no one had objected to the Debtors' plan. There was no evidence presented, however, to indicate that the Debtors undertook such a review of the Court file on the deadline. If the Debtors had made such a review, it is doubtful that the subsequent receipt of the Objection through the mail would have resulted in any prejudice to them.

Third, Beneficial did not provide the Court with any reason for its delay in filing the Objection. The Objection was filed two days late. Although this is a relatively insignificant delay, the Court does not wish to condone the delay solely on this basis. The time periods for filing pleadings with the Court are created with the administrative efficiency of the Court in mind. Such efficiency works to the benefit of both debtors and creditors in bringing cases to a swift conclusion. The Court is aware that the Supreme Court has recently affirmed the sanctity and importance of statutory time limitations for filing pleadings.

Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.

*Taylor v. Freeland & Kronz, et al.,* —— U.S. ——, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992).

While two days' delay in filing a pleading may appear insignificant, permitting even such a minor delay leaves the Court with the futile task of determining when a delay is "significant". Deadlines are designed to obviate this problem.

Fourth, Beneficial had notice of this case since its inception on March 12, 1992. The Court is not aware of any unusual circum-

stances which would have prevented Beneficial from filing a timely objection.

Fifth, Beneficial is a major financial credit lending institution which has been before this Court on numerous occasions. It clearly has had extensive and substantial experience in bankruptcy proceedings.

Sixth, if "good faith" is defined to mean an absence of bad faith, the Court has had no indication of the existence of any bad faith on behalf of Beneficial. The Court can only conclude that the late filing was unintentional, especially when there appears to have been nothing to gain by Beneficial in doing so.

Seventh, it is not clear to the Court whether this late filing is the fault of counsel or client in this case. Regardless, Beneficial's claim will not be affected in any substantial way by the denial of the objection. The plan proposes payments over a 38–month period. Denial of the objection would simply result in Beneficial receiving a reduced rate of interest on the secured portion of its claim. The claim amounts would remain unaffected.

Having considered all of the above listed factors, the Court can only conclude that excusable neglect does not exist in this case. This is a matter which could have been prevented by diligence. Therefore, it is hereby

ORDERED that the Objection to Confirmation by Beneficial Ohio, Inc. is DENIED as untimely.

IT IS SO ORDERED.