In re Michael H. KAISER, Debtor.

**Bankruptcy No. 92–04698–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 14, 1993.

Edward R. Miller, Naples, FL, for debtors.

Diane L. Jensen, Fort Myers, FL, Trustee.

### ORDER ON TRUSTEE'S AMENDED OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is an Objection and Amended Objection to Claim of Exemption filed by the Chapter 7 Trustee, and a Response to the Trustee's Objection filed by Michael Kaiser (Debtor). The facts which are relevant to resolution of this controversy are as follows.

The Debtor owns a one-half interest in a four-plex, which consists of four rental units. The Debtor resides in one of the units. The other three units are rented to other persons. The Debtor filed his Petition for Relief under Chapter 7 of the Bankruptcy Code on April 8, 1992. On his original Schedules of Assets and Liabilities the Debtor did list his one-half interest in the four-plex as an asset on Schedule A but did not claim the one-half interest as exempt property on Schedule C. On June 25, 1992 the Debtor filed an Amendment to Schedule A, Schedule B, Schedule C, Statement of Intentions and Summary of Schedules. On his Amendment, the Debtor added again his one-half interest in the four-plex, listing it as "homestead," and claimed as exempt property which he listed simply as "Homestead," with no further description of the property.

Based upon these facts, the Trustee contends in her Objection that the property claimed as exempt is not entirely homestead property but as a four-plex, includes rental units, only one of which is the Debtor's residence. The Trustee concedes in her Objection that one-quarter of the property is the Debtor's homestead. In the alternative, the Trustee contends in her Amended Objection, that the claim of this property as exempt was not made with sufficient specificity as to identify the property and therefore, the claim has no legal effect. The Debtor contends in his Response that the Trustee's Objection was not timely filed pursuant to Bankruptcy Rule 4003(b), which provides in pertinent part:

Rule 4003.   Exemptions

(b) Objections to Claims of Exemptions.   The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors ... or the filing of any amendment to the list or supplemental schedules, unless, within such period, further time is granted by the court.

A trustee may not contest the validity of a claim of exemption after the Rule 4003(b) 30–day period has expired, even though the debtor had no colorable basis for claiming the exemption. *Taylor v. Freeland & Kronz*, 508 U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). According to the Supreme Court, regardless of whether the claim of exemption has merit or is completely spurious, Rule 4003(b) is a hard and fast rule, which completely bars the Trustee from contesting the validity of the exemption claimed by the Debtor. As it is undisputed that the Trustee's Objections to the Debtor's claim of exemption was untimely, having been filed forty-nine (49) days after the filing of the Debtor's amendments to Schedule C, this Court is satisfied that the Trustee's Objections to the Debtor's claim of exemption are untimely, and should be overruled.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection and Amended Objection to Debtor's claim of exemption are hereby overruled. The Debtor's claim of exemption is hereby allowed as filed.

DONE AND ORDERED.