STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-463

GRAND COAST CAPITAL FUND I,
LLC,

        Plaintiff

  v.

JAMES WHELAN,

        Defendant

ORDER ON MOTION TO ADJUDGE
SACO & BIDDEFORD SAVINGS
INSTITUTION AS TRUSTEE

The matter before the court is Grand Coast Capital Fund I, LLC's ("Grand Coast")

motion to adjudge Saco & Biddeford Savings Institution ("SBSI") as trustee. For the following

reasons, the motion will be denied.

Background

This case began on November 21, 2019, when Grand Coast filed a complaint seeking to

recover amounts pursuant to a personal guarantee made by Defendant James Whelan. Whelan

never responded to this complaint, and on March 5, 2020, the court entered a default judgment

against him in the amount of $650,795.55. After this judgment entered, Grand Coast filed a

motion for additional trustee process pursuant to M.R. Civ. P. 4B(h), seeking attachment on

trustee process in the amount of $150,796.55, on October 26, 2020. Whelan still did not respond,

and the court granted the motion.

On December 4, 2020, Grand Coast served a trustee summons on SBSI. SBSI froze that

sum in an account in the names of Whelan and his mother, Lorraine Whelan, and disclosed the

account to Grand Coast. Grand Coast then filed this motion to adjudge SBSI as trustee and attach

these funds on December 23, 2020. Whelan objected on January 20, 2021, arguing two things:

1

first, that trustee process is not available after judgment has been entered, and second, that none of the funds in the account are his, and thus cannot be attached to satisfy a judgment he owes.

Whelan contends in his objection that the accounts belong primarily to his mother, who is 94 years old, and that he was only added to the accounts as an authorized signer as a precaution in case she should ever become incapacitated. (Obj. ¶ 9.) He also submitted affidavits attesting to the fact that he never contributed funds to the account, supported by many account statements. Grand Coast argues that post-judgment attachment is available, and that the evidence submitted by Whelan is outweighed by the SBSI's sworn disclosure, which it argues establishes Whelan's ownership of the funds. Grand Coast requests an evidentiary hearing on this issue as well.

Discussion

The preliminary question here is whether trustee process is available at all post-judgment. This is complicated somewhat by the fact that Whelan's objection comes after the court has already authorized attachment by trustee process, but the parties correctly identify that the issue is jurisdictional and thus may be raised at any time. Upon a review of the law, this court finds that trustee process is not available post-judgment.

Trustee process is a pure creature of statute and has no basis in common law. *See Davis v. U.S. Bobbin & Shuttle Co.*, 118 Me. 285, 107 A. 865 (1919). Thus, if trustee process is available after judgment has been entered, the court's authority to order such must derive from the relevant statutes. In a case where the Law Court was asked to consider whether post-judgment attachment and post-judgment trustee process were available, it found that there was adequate statutory authority to allow for post-judgment attachment, but that there was "no such statutory authority for attachment by a trustee process." *United Air Lines v. Hewins Travel Consultants*, 622 A.2d 1163, 1171 (Me. 1993).

2

Grand Coast argues that trustee process is available post-judgment on the basis of two cases. The first, *Sanders v. Sanders*, is case where trustee process was challenged on other grounds. 1998 ME 100, 711 A.2d 124. In fact, the Law Court points out that the defendant in that case conceded the availability of post-judgment trustee process. While Grand Coast is correct to note that the issue is jurisdictional and thus could, and perhaps should, have been raised regardless of the defendant's concessions, the court is not inclined to read the Law Court's decision not to raise the issue sua sponte as overruling precedent, especially where the issue is so technical. The other case, *State v. Miller*, states in dicta that "the Rules of Civil Procedure permit a party that obtains a civil judgment to secure satisfaction of that judgment through a trustee process." 645 A.2d 1140, 1141 (Me. 1994). However, in *Miller*, the question of the validity was never even raised. Once again, where the issue is so technical, the court is not inclined to read this broad statement in dicta as overturning a prior case that was so directly on point.

The court's reading of the case law is that while post-judgment attachment is clearly available, attachment by trustee process is not. The court therefore has no authority to grant this motion. There are still unresolved factual issues regarding the ownership of the account which might warrant further development through an evidentiary hearing, but with no jurisdiction to rule on the underlying motion that matter is not before the court today.

3

The entry is

Grand Coast Capital Fund I, LLC's Motion to Adjudge Saco
& Biddeford Savings Institution as Trustee is DENIED.

The Clerk is directed to enter this order into the docket by
reference pursuant to M.R.Civ.P. 79(a).

Date: _____ , 2021

Harold Stewart, II
Justice, Superior Court

Entered on the Docket: 2/23/2021

4